1

2

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

3

4

**CANATELO, LLC,**

5

      **Plaintiff,**

6

      **v.**

                                      **Civil No. 13-1084 (GAG)**

7

**AXIS COMMUNICATIONS AB, et al.,**

8

      **Defendants.**

9

10

11

**OPINION AND ORDER**

12

      On February 4, 2013, Canatelo, LLC ("Plaintiff") brought this suit for patent infringement

13

against AXIS Communications AB ("AXIS AB")[1] and AXIS Communications, Inc. ("Defendant").

14

(Docket No. 1.)  Plaintiff seeks to prevent and enjoin Defendant from infringing and profiting from

15

two of its patents.  (See id. ¶ 1.)  Jurisdiction is premised on 28 U.S.C. §§ 1331 and 1338(a).  (See

16

id. ¶ 5.)  Presently before the court is Defendant's motions to dismiss for failure to state a claim

17

upon which relief can be granted (Docket No. 18) and lack of personal jurisdiction (Docket No. 19).

18

Plaintiff responded to these motions (Docket Nos. 24, 23), Defendant replied (Docket Nos. 29, 28),

19

and Plaintiff sur-replied (Docket Nos. 34, 35).  After reviewing these submissions and the pertinent

20

law, the court **GRANTS** the motion to dismiss for lack of personal jurisdiction and **FINDS AS**

21

**MOOT** the motion to dismiss for failure to state a claim upon which relief can be granted.

22

**I.    Standard of Review**

23

      "The Due Process Clause protects an individual's liberty interest in not being subject to the

24

25

      [1] AXIS AB has not been served process by Plaintiff.  Plaintiff sought an extension of time

26

to serve AXIS AB at Docket No. 27.  However, AXIS Inc. and AXIS AB are related corporations and the court sees no reason why AXIS AB would not make the same arguments as AXIS Inc. for

27

lack of personal jurisdiction.  As the court dismisses the claims against AXIS Inc., the court also dismisses the claims against AXIS AB and **FINDS AS MOOT** the extension of time to serve

28

process at Docket No. 27.

**Civil No. 13-1084 (GAG)**                          2

binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)) (internal quotations marks omitted).  A court is without authority to adjudicate a case when the court does not have personal jurisdiction over the parties. See Marcinkowska v. IMG Worldwide, Inc., 342 F. App'x. 632, 635 (Fed. Cir. 2009).  Personal jurisdiction comes in two forms: general and specific.  See Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1230 (Fed. Cir. 2010).  When dealing with patent infringement cases, it is the law of the Federal Circuit which controls, rather than the law of the regional Circuit Court.  See id. (citing Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).

The plaintiff has the burden of proving the court has jurisdiction over the defendants.  See also Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1410 (Fed. Cir. 2009).  When, as in this case, the parties have not conducted jurisdictional discovery, the plaintiff must only make a *prima facie* showing that the defendant is subject to personal jurisdiction.  See Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003).  "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process."  3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1376–77 (Fed. Cir. 1998).  A federal court is required to first analyze whether the state's long-arm statute would require the defendant to appear in a state court.  See Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 788-89 (Fed. Cir. 2011).  If the forum state has jurisdiction over the defendant, then the court must ensure that holding jurisdiction over the defendant in the forum state does not offend constitutional due process.[2]  See id.  Due process requires the court to assert jurisdiction only

---

[2] The Federal Circuit grapples with whether the Due Process clause of the Fifth Amendment or the Due Process clause of the Fourteenth Amendment applies to courts determining jurisdiction based on patent claims.  See Red Wing Shoe Co. Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 n.1 (Fed. Cir. 1998); Akro Corp., 45 F.3d at 1544-45.  The minimum contacts analysis espoused by the Supreme Court relies on the Fourteenth Amendment.  The Federal Circuit has adopted the minimum contacts analysis for determining jurisdiction pursuant to the Fifth Amendment.  Therefore, whether by the Fifth or Fourteenth Amendment, the analysis is the same.

**Civil No. 13-1084 (GAG)**                     3

if doing so does not offend the "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316.

In the present case, the court need only determine whether due process would permit the court to assert jurisdiction over Defendant because Puerto Rico's long-arm statute extends to the limits of constitutional bounds. See Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011). Therefore, the court focuses its analysis on whether the exercise of personal jurisdiction in this case is constitutionally permissible.

**II.   Factual Background**

Plaintiff owns the rights to two patents issued by the U.S. Patent and Trademark Office, Patent No. 7,310,111 (the "111 Patent") and Patent No. 6,476,858 (the "858 Patent"). (See Docket Nos. 1-1, 1-2.) The 111 Patent protects the "method of operating a video surveillance system [that] includes the steps of detecting motion in a video signal; compressing a portion of the video signal that includes the detected motion; and transmitting the compressed portion of the video signal that includes detected motion as part of an e-mail, only after the step of detecting motion." (Docket No. 1 ¶ 23.) The 858 Patent protects a video monitoring system that includes a video camera and a computer that:

> is configured to perform the following functions: detect motion as between a first and a second frame of the video signal by comparing a plurality of the cells of the first frame to a plurality of the cells of the second frame, wherein the plurality of cells of the first and second frames exclude a user-defined insensitive area, which is completely surrounded by an active area containing the plurality of the cells of the first and second frames; automatically transmit an electronic message upon detection of the motion wherein the electronic message includes a recorded and compressed copy of the video signal beginning approximately coincident with the detection of motion; and automatically transmit an alarm message separate from the electronic message that alerts a user of the electronic message.

(Docket No. 1 ¶ 38.) Together, the patents allow a video surveillance camera to work harmoniously with a computer to detect motion, process and store images, and alert the user through the internet of the motion and captured images.

─────────────

See Red Wing Shoe, 148 F.3d at 1358.

**Civil No. 13-1084 (GAG)**                    4

Plaintiff claims Defendant advertises and sells a similar video surveillance system that infringes on both the 111 Patent and the 858 Patent.  Plaintiff claims Defendant sells infringing products, including but not limited to, the AXIS M1033-W Network Camera.  (See e.g., Docket No. 1 ¶ 43.)  Nowhere in the complaint does Plaintiff specifically name or cite any other offending product.  The complaint contains three claims of infringement: 1) direct infringement; 2) inducing infringement, and; 3) contributory infringement.  (See Docket No. 1 ¶¶ 45-65.)

**III.    Discussion**

The standard for general *in personam* jurisdiction is considerably more stringent than the standard for specific *in personam* jurisdiction.  See Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1018 (Fed. Cir. 2009).  To assert general jurisdiction over a defendant, the court must find the defendant has "continuous and systematic" activities in the forum state. See Marcinkowska, 342 F. App'x. at 635 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)).  The existence of property, offices, or businesses within the forum state supports a finding of general jurisdiction over a corporation.  See Marcinkowska, 342 F. App'x. at 635.  In Helicopteros, the Supreme Court found no general jurisdiction in Texas over a foreign company that sent a representative to Houston, and purchased helicopters, spare parts, and accessories from Texas.  See Helicopteros, 466 U.S. at 411.  The company sent representatives to Texas to train as pilots and management and maintenance personnel to receive training.  It received monies transferred from a Houston bank account.  See id.  However, the company was never authorized to do business in Texas, never authorized an agent to accept service of process in Texas, and never sold a product that reached Texas or even solicited business from Texas.  See id.  The Court ultimately held the Texas court could not assert general jurisdiction over the company.  See id. at 418-19.

Maintaining a website that is not directed at any particular jurisdiction is insufficient to create general jurisdiction.  See Campbell Pet Co. v. Miale, 542 F.3d 879, 884 (Fed. Cir. 2006) (finding defendant's website, not specifically directed at forum jurisdiction, did not give rise to

**Civil No. 13-1084 (GAG)**                    5

general jurisdiction).  Nor does the presence of a few employees within the forum jurisdiction lead

to an automatic finding of general jurisdiction over a corporation.  See Glater v. Eli Lilly & Co., 744

F.2d 213, 215 (1st Cir. 1984) (holding court lacked general jurisdiction over corporation with eight

sales representative in forum state).[3]  Limited sales, representing a small amount of the defendant's

overall sales, is another factor that weighs against finding general jurisdiction.  See Miale, 542 F.3d

at 884 (finding twelve sales over a period of eight years, representing merely two percent of overall

sales, to be insufficient to establish general jurisdiction).

Specific jurisdiction exists where the "cause of action arises out of or is related to a

defendant's activities in the forum state."  See Marcinkowska, 342 F. App'x. at 635.  Therefore, to

be subject to jurisdiction, the defendant must have purposefully established minimum contacts

within the forum state.  See Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1412 (Fed. Cir.

2009) (citing Burger King, 471 U.S. at 474).  To do so, there must be some showing that "the

defendant purposely avails itself of the privilege of conducting activities within the forum [s]tate."

Hanson v. Denckla, 357 U.S. 235, 253 (1958).  The Federal Circuit has outlined a test to determine

whether a district court has specific jurisdiction over a defendant.  The three part test considers:

> whether (1) the defendant purposefully directed its activities at residents of the
> forum, (2) the claim arises out of or relates to the defendant's activities with the
> forum, and (3) assertion of personal jurisdiction is reasonable and fair.  Under this
> test, a court may properly assert specific jurisdiction, even if the contacts are isolated
> and sporadic, so long as the cause of action arises out of or relates to those contacts.
> Indeed, a substantial connection with a forum arising out of a single act can support
> jurisdiction.

Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1297 (Fed. Cir.

2009) (citations omitted) (internal quotation marks omitted).  The Federal Circuit has further

delineated five factors to consider when deciding whether asserting jurisdiction would violate fair

---

[3] The court notes its use of First Circuit precedent for this point of law because neither the parties, nor the court, found Federal Circuit precedent discussing the amount of employees necessary to find general jurisdiction over an out of state corporation.  The First Circuit, in deciding Glater, relied heavily upon Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984), and Helicopteros, both of which constitute binding Supreme Court precedent.

**Civil No. 13-1084 (GAG)**                6

play and substantial justice: "1) the burden on the defendant, 2) the interests of the forum state, 3) the plaintiff's interest in obtaining relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several states in furthering fundamental substantive social policies." Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1355 (Fed. Cir. 2002).

Defendant argues the court lacks personal jurisdiction because it does not operate or sell the offending devices in Puerto Rico. (See Docket No. 19.) Defendant's state of incorporation and its principal place of business is Massachusetts. (See id. at 2.) All corporate records are kept in Massachusetts. (See id.) Defendant does not have any research facilities, manufacturing facilities, employees, offices, bank accounts, registered agents, or contracts in Puerto Rico. (See Docket No. 19 at 2.)

Of significant consequence and central to both parties arguments are the amount and manner of Defendant's sales in Puerto Rico. Plaintiff asserts the court has jurisdiction under the stream of commerce theory of personal jurisdiction because Defendant sold its infringing product in Puerto Rico. (See Docket No. 23 at 7.) Plaintiff asserts that Defendant sells and ships its products to Puerto Rico residents through an authorized distributor. (See id.) Defendant claims it does not specifically target Puerto Rico as a sales market and does not advertise in Puerto Rico. (See Docket No. 19 at 3.) Defendant claims that it does not sell directly to end-users and only works with third-party distributors, who may sell to end-users in Puerto Rico. (See Docket No. 19 at 3.) Defendant estimates that less than 1% of all sales occur in Puerto Rico. (See id.) As this issue ultimately determines the jurisdictional issue, the court briefly touches upon the others.

**A.    General *in personam* Jurisdiction**

Initially, Plaintiff asserted the court has general jurisdiction over Defendant. (See Docket No. 1 ¶ 6 ("This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction . . . .").) Plaintiff's brief contains passing references to the court having general jurisdiction over Defendant, but the thrust of Plaintiff's argument is that the court has specific jurisdiction. (See Docket No. 23 at 10.) Defendant's activities within Puerto Rico

1

2 do not subject it to general jurisdiction in the forum.  Defendant is not registered to do business in

3 Puerto Rico, does not have buildings, property or employees in Puerto Rico, and does not derive a

4 substantial amount of its business in Puerto Rico.  (See Docket No. 19 at 6.)  These factors lead the

5 court to find that Defendant's activities in the forum are not systematic and continuous.

6 See Marcinkowska, 342 F. App'x. at 635 (quoting Helicopteros, 466 U.S. at 415-16).  At best,

7 Plaintiff claims Puerto Rico residents may access Defendant's website and that Defendant makes

8 some sales in Puerto Rico through third-party distributors.  These activities do not allow the court

9 to assert general jurisdiction by which traditional notions of fair play and substantial justice would

10 require Defendant to defend any type of claims against it in the forum.  See Int'l Shoe, 326 U.S. at

11 316.

12               **B.        Specific *in personam* Jurisdiction**

13               Alternatively, Plaintiff asserts the court has specific jurisdiction over Defendant.  (See

14 Docket No. 23 at 9.)  Plaintiff argues jurisdiction is proper because of Defendant's internet presence

15 and because it has authorized local distributors to sell the infringing product in Puerto Rico.

16 (See Docket No. 23 at 10.)

17               "[T]he mere presence of a website does not demonstrate a defendant has purposefully availed

18 itself of the laws of the jurisdiction."  Ingeniador, LLC v. Interwoven, 874 F. Supp. 2d 56, 63

19 (D.P.R. 2012).  Plaintiff relies upon the stream of commerce doctrine explained by the Court in

20 Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480 U.S. 102 (1987), and recently

21 heavily discussed by the Court in J. McIntyre Machinery, LTD. v. Nicastro, 131 S.Ct. 2780 (2011).

22 In J. McIntyre, the plurality attempted to clarify that the stream of commerce theory may only be

23 used so long as the defendant targeted the forum for its business.[4]  This principle may not be used

24

25

26               [4] The plurality opinion by Justice Kennedy intimates that the Court is leaning towards
27 requiring a finding that the defendant specifically targeted a forum in order for a court to assert
personal jurisdiction.  However, "When a fragmented Court decides a case and no single rationale
explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as
28 that position taken by those Members who concurred in the judgments on the narrowest grounds.

to assert jurisdiction over a defendant who simply manufactures products that eventually arrive in the forum, unless the defendant did more to purposefully direct the products towards the forum. <u>See</u> <u>J. McIntyre</u>, 131 S.Ct. at 2792 (Breyer, J., concurring) (requiring a "'regular . . . flow' or 'regular course' of sales in [the forum or] 'something more' such as special state-related design, advertising, advice, marketing, or anything else" for jurisdictional purposes).  Guided by these decisions, the court applies the Federal Circuit test for specific *in personam* jurisdiction.

### C.    Purposeful Availment

In order to establish purposeful availment, Plaintiff must show Defendant *"purposefully directed his activities at residents of the forum* and *the litigation results from alleged injuries that arise out of or relate to those activities*." <u>AKRO Corp. v. Luker</u>, 45 F.3d 1541, 1545 (Fed. Cir. 1995) (emphasis in original).  As discussed in <u>J. McIntyre</u>, it is difficult to apply the traditional stream of commerce theory to internet sales.  <u>See</u> 131 S.Ct. at 2793 (Breyer J., concurring).  In so doing, the court must evaluate the fairness of haling the defendant to the forum to defend these claims.  A single sale within the forum is likely insufficient to establish jurisdiction -something more is required.  <u>See</u> <u>id.</u> at 2792 (stating regular and anticipated flow of commerce into the forum is sufficient, but not single sale) (internal citations omitted) (internal quotation marks omitted).

Plaintiff argues it meets its burden for two reasons.  First, Defendant has purposefully and intentionally conducted business in Puerto Rico by advertising, selling and promoting its infringing products.  (<u>See</u> Docket No. 23 at 10.)  Second, Defendant has authorized distributors and local vendors selling the infringing products in Puerto Rico.  (<u>See</u> <u>id.</u>)

It seems the parties agree that Defendant has no direct sales within the forum.  Defendant states it makes no direct sales to Puerto Rico and only sells to end-users through its distributors. (<u>See</u> Docket No. 19 at 3.)  Plaintiff discusses Defendant's website (www.axis.com), but does not

---

. . ." <u>Marks v. United States</u>, 430 U.S. 188, 193 (1977).  Therefore, it is the concurring opinion of Justice Breyer, joined by Justice Alito, that controls this analysis.  Justice Breyer's concurrence did not join the plurality in this respect, instead Justices Breyer and Alito would have decided this case on prior precedent such as <u>Asahi</u>.  <u>J. McIntyre</u>, 131 S.Ct. at 2791.

**Civil No. 13-1084 (GAG)**                                    9

allege that end-users can purchase the infringing product by placing orders from that site.  (See Docket No. 23-3.)  The website allows a user to search for distributors in Puerto Rico, but no sales may be executed from the website.  As previously stated in Ingeniador, "The maintenance of an interactive website, alone, is not sufficient to establish purposeful availment in any jurisdiction which has the internet."  874 F. Supp. 2d at 64 (citing Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005)).  While Defendant's website might be considered interactive to the extent that users may input their location to search for distributors, it is not interactive in the sense that consumers may purchase products directly.  Plaintiff's inability to demonstrate users in Puerto Rico have the ability to purchase the infringing products from the website merits a finding that jurisdiction does not exist.

Potentially, the website could serve as a platform for Defendant to advertise in Puerto Rico. However, nothing demonstrates that Defendant uses the website to specifically target Puerto Rico as a location to sell its products; rather, the website leads users to local distributors that service Puerto Rico.  (See Docket No. 23-3.)  Plaintiff has made no showing that Defendant advertises, promotes or sells its products in Puerto Rico.  The only manner in which Plaintiff demonstrates the products arrive in Puerto Rico is through distributors, but Defendant and its distributors are unrelated corporations.

Plaintiff indicates that one distributor on Defendant's website is located in Puerto Rico.  (See Docket No. 23-3.)  Plaintiff also identifies one other distributor in Puerto Rico not listed on Defendant's website, http://www.puertoricosuppliers.com.  (See Docket No. 23 at 10.)  Other than its characterization that these distributors are authorized, there is no indication that a relationship between Defendant and these distributors exists.  Defendant specifically states it does not direct or control the activities of its distributors.  (See Docket No. 19-1 ¶ 27.)  Plaintiff does not assert that there is a corporate relationship between these distributors and Defendant, such as parent-subsidiary or sister corporations.  Other than being a distributor of Defendant's products, there is no connection between Defendant and its distributors.  This fact is detrimental to Plaintiff's argument.  Plaintiff cites no legal support to demonstrate that a court may assert jurisdiction over a corporation that sells

**Civil No. 13-1084 (GAG)** 10

its products to a distributor, who then sells the products within a forum.  In fact, "doing business

with a company that does business in [the forum] is not the same as doing business in [the forum]."

Red Wing Shoe, 148 F.3d at 1361.

> It would be strange, if not wholly offensive to our notions of fair play and
> purposeful availment, to hold personal jurisdiction over a defendant because
> the defendant does business with other companies within the jurisdiction. To
> hold jurisdiction over [the defendant] for this reason, without requiring
> Plaintiff to demonstrate that [the defendant] sold the infringing product to
> those contacts within the jurisdiction, would be improper.

Ingeniador, 874 F. Supp. 2d at 64.  Without more, Plaintiff has not demonstrated that Defendant has

purposefully availed itself of doing business within the forum to such an extent that it would be

reasonable to subject it to suit in the forum.

In arguing that the court has jurisdiction over Defendant, Plaintiff cites a trio of cases that

supports the finding of jurisdiction.  In the first, Packless Metal Hose, Inc. v. Extek Energy Equip.,

the court found jurisdiction over a Chinese company that produced heat coils.  Packless, Case No.

2:09-CV-265-TJW, 2011 WL 504048, at *2-3 (Feb. 10, 2011 E.D. Tex.).  Crucial to its holding, the

court relied on the defendant's knowledge that its distributor was selling the product in the forum

jurisdiction and that the defendant deliberately shipped its product to the forum through its

distributor.  See id. at 2.  The court emphasized that the defendant held discussions with its

distributor regarding the sale of its products in the forum state and sent free samples of its product

to the forum state.  See id. at 2-3.  Secondly, in Vice v. Woodline USA, Inc., the court found

jurisdiction because the defendant directly sold and shipped the alleged infringing product to the

forum state.  Vice, Case No. C 10-04103 CW, 2011 WL 207936, at *3 (Jan. 21, 2011 N.D. Cal.).

The court stated, "The sale of an infringing article to a buyer in a forum state amounts to the

commission of a tort in that state."  Id. at *3.  Finally, in Nuance, the Federal Circuit found

jurisdiction where a corporation had an established distribution system within the forum and knew

of the destination of its products.  626 F.3d at 1232.  Importantly, the Nuance court differentiated

between transactions between related corporations, such as sister corporations, and arms-length

transactions between unrelated corporations.  See id. at 1232 (citing Pieczenik v. Dyax Corp., 265

**Civil No. 13-1084 (GAG)**                    11

F.3d 1329, 1334 (Fed. Cir. 2001) (analyzing corporate relationship under New York long-arm statute)).  The present case is distinguished from these precedents because Defendant does not have a corporate relationship with its distributors, there is no evidence that Defendant has taken any steps to sell, much less has encouraged its distributors to sell the alleged infringing products in the forum, and has not directly sold the infringing product in the forum state.

The court finds additional support from outside the Federal Circuit.  In <u>Key Components, Inc. v. Braille, LLC</u>, the court held jurisdiction proper over an out-of-state website operator.  No. 3:09-cv-322, 2010 WL 2506670, at *3-4 (E.D. Tenn. June 16, 2010).  However, the court specifically stated the website was highly interactive and allowed end-users to purchase products directly from the website.  <u>Id.</u> at 4.  In the trademark context, the Seventh Circuit held an interactive website alone was insufficient to establish jurisdiction.  <u>See</u> <u>Marvel Mfg. Co. Inc. v. Koba Internet Sales, LLC</u>, No. 11-C-00961, 2012 WL 2466772, at *5 (E.D. Wis. June 27, 2012) (citing <u>be2 LLC v. Ivanov</u>, 642 F.3d 555, 559 (7th Cir. 2011)).  Even minimal sales within the forum do not suffice to establish jurisdiction.  <u>See id.</u> (citing <u>be2</u>, 642 F.3d at 558-59).  While these precedents are not binding, the court finds them informative regarding the minimum contacts analysis in the internet age.  In the case at hand, Defendant does not operate an interactive website allowing end-users to purchase the allegedly infringing product and its activities within the forum fall well short of the precedents pointing towards jurisdiction.

For these reasons, the court finds Defendant has not purposefully availed itself of the laws of Puerto Rico.  Because the court finds there was no purposeful availment on behalf of Defendant, the court need not determine whether Plaintiff's claims are related to Defendant's actions within the forum or whether an assertion of personal jurisdiction over Defendant is fair and reasonable.

**IV.     Conclusion**

For the reasons set forth above, the court **GRANTS** Defendant's motion to dismiss at Docket No. 19.  The court **FINDS AS MOOT** the motion to dismiss at Docket No. 18 and the motion for extension of time to serve process at Docket No. 27.

**Civil No. 13-1084 (GAG)**                              12

**SO ORDERED.**

In San Juan, Puerto Rico this 11th day of July, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge